IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FLAVIUS N. EURISTHE and<br>KIMILA S. EURISTHE,<br><br>  Plaintiffs,<br><br>v.<br><br>WILLIAM P. BECKMANN,<br> *et al.*,<br><br>  Defendants. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 4:23-cv-00653-O-BP<br>§<br>§<br>§<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a foreclosure case that was referred to the undersigned on June 26, 2023 pursuant to Special Order No. 3. ECF No. 2. Before the Court are (1) the Motion for Default Judgment (ECF No. 15) filed by *pro se* Plaintiffs on July 27, 2023; (2) the "Petition for Order and Judgment of Default Notice of Default," (ECF No. 16), which the Court liberally construes as a supplement to the Motion for Default Judgment (ECF No. 15); the Motion to Dismiss (ECF No. 18) filed by Defendant David A. Spector ("Spector"); Plaintiffs' "Request to Deny the Motion to Dismiss and Forward Entire Case File to 5th Circuit Court of Appeals" (ECF No. 21); Spector's Amended Motion to Dismiss (ECF No. 22); Plaintiffs' Response (ECF No. 24); and Spector's Reply (ECF No. 25). After reviewing the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DENY** Plaintiffs' Motion for Default Judgment, **GRANT** Spector's Motion to Dismiss, and **DISMISS** Plaintiffs' claims.

**I.   BACKGROUND**

Plaintiffs' pleadings are difficult to follow, but liberally construed, they allege that Plaintiffs obtained a mortgage loan (the "Note") from Scott Everett, doing business as Supreme

Lending ("Supreme Lending"), on March 4, 2021. ECF No. 9 at 2. In July 2021, Supreme Lending sold the Note to PennyMac. *Id.* At some point, non-judicial foreclosure proceedings were initiated against Plaintiffs. *Id.* at 3, 5, 7. Plaintiffs responded by mailing the Defendants an "affidavit of truth," which the Plaintiffs claim "provided all facts of the matter" and "a request to stop the foreclosure and to validate the debt." *Id.* at 3; *see also* ECF No. 1 at 34-41. Defendants did not respond to the affidavit. ECF No. 9 at 3.

On June 26, 2023, Plaintiffs filed their Original Complaint against Defendants. ECF No. 1. On July 6, 2023, they filed a "Petition to Set Aside and Void Non[-]Judicial Foreclosure Sale-July 5, 2023, Cancel Note and Deed of Trust, Claim in Recoupment, Quiet Title, and for Declaratory and Injunctive Relief," which the Court liberally construes as their Amended Complaint. ECF No. 9; *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (finding that pro se plaintiff's amended complaint superseded his original complaint). Plaintiffs assert that Defendants (1) violated the Fourth, Fifth, Seventh, and Thirteenth Amendments; (2) "engaged in criminal activity" and "[c]riminally derived property" in violation of 18 U.S.C. §§ 1341, 1343, 1344, 1957, 1952, 1581-92, 2319, 2331(5)(a); (3) violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"); and (4) knowingly "passed on" false evidence "to deprive the people of their private property illegally" and to sell the property. ECF No. 9 at 2, 4.

## II.   LEGAL STANDARDS

### A.   Pro Se Standard

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. Courts must hold "a *pro se* complaint, 'however inartfully pleaded,' . . . to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-

construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

      **B.**      **Rule 12(b)(6) Dismissal for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Rules require that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

      **C.**      **Default Judgment**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 55(a).

"Second, upon such a showing, the clerk must enter the adverse party's default." *GuideOne Ins. Co. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. 2011) (citing Fed. R. Civ. P. 55(a)). Third, "once default has been entered, the movant may apply for a judgment based on the adverse party's default." *Id.* "[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### D. Dismissal With or Without Prejudice

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). As a result, courts generally allow plaintiffs at least one opportunity to amend their pleadings. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329-30 (2002). Nonetheless, a court may appropriately dismiss an action with prejudice if it finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Likewise, a court may dismiss a complaint with prejudice, thus foreclosing the plaintiff's opportunity to amend, whenever amendment of the pleadings would be futile. *See Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016).

## III. ANALYSIS

### A. The Plaintiffs' Motion for Default Judgment is improper.

The record contains proof that Plaintiffs properly served process on Defendants John G. Aldridge Jr. and Spector on July 19, 2023. ECF No. 13. Generally, "[a] defendant must serve an answer . . . within 21 days after being served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiffs filed their Motion for Default Judgment on July 27, 2023, and they supplemented it on July 31. ECF Nos. 15-16. To date, the Clerk has not entered a default, and

4

Plaintiffs' motion (ECF Nos. 15-16) therefore is premature. *Mallory v. Mims*, No. 418CV00831ALMCAN, 2020 WL 5191315, at *2 (E.D. Tex. July 31, 2020), *rec. adopted*, No. 4:18-CV-831, 2020 WL 5106836 (E.D. Tex. Aug. 28, 2020) (The "[p]laintiff has neither requested that the clerk enter the default, nor has the clerk entered the default on the docket. Accordingly, the Court cannot proceed to step two—consideration of [the p]laintiff's Motion."); *see also Booker v. Cap. One Auto Fin. Corp.*, No. 422CV00609SDJCAN, 2023 WL 2384504, at *1 (E.D. Tex. Feb. 1, 2023), *rec. adopted*, No. 4:22-CV-609-SDJ, 2023 WL 2387212 (E.D. Tex. Mar. 3, 2023) (finding that the motion for default judgment was premature where the plaintiff had not served the defendants or requested that the clerk enter default and the clerk had not entered the default) (collecting cases). Accordingly, Judge O'Connor should **DENY** the Motion.

> **B.   Plaintiffs did not state a claim for a violation of any criminal law or the Constitution.**

Plaintiffs' pleadings fail to state a claim on which relief may be granted. Plaintiffs argue that Defendants violated several criminal statutes. ECF No. 9 at 4 (citing 18 U.S.C. §§ 1341, 1343, 1344, 1957, 1952, 1581-92, 1951, 2319). Except for RICO and the Trafficking Victims Protection Act ("TVPA"), 18 U.S.C. §§ 1962, 1595, the criminal provisions that Plaintiffs cite to do not create a private cause of action, so "[t]he sections of Title 18 may be disregarded in this suit." *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).

RICO "provides a private civil action to recover treble damages for injury 'by reason of a violation of' its substantive provisions." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 481 (1985) (quoting 18 U.S.C. § 1964(c)). "Broadly stated, a civil RICO claimant must prove (1) a violation of the substantive RICO statute, 18 U.S.C. § 1962, and (2) an injury to the plaintiff's business or property by reason of a violation of section 1962." *HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 338 (5th Cir. 2021) (internal quotation marks omitted) (quoting *Alcorn Cnty. v. U.S. Interstate*

5

*Supplies, Inc.*, 731 F.2d 1160, 1167 (5th Cir. 1984)). Plaintiffs generally allege RICO violations, but they cite to no specific RICO provision. ECF No. 9 at 4.

Plaintiffs cite to nearly the entirety of the TVPA. ECF No. 9 at 4. Because they argue that "[t]he defendants made the plaintiffs slaves to contracts not held by the defendants[,]" liberally construed, they seem to attempt to bring a claim under section 1581 of the TVPA. *Id.* Section 1581 imposes criminal penalties on anyone who "holds or returns any person to a condition of peonage." 18 U.S.C. § 1581. Peonage is involuntary servitude. *Hozdish v. Texas*, 32 F.3d 565, 1994 WL 442377, at *3 (5th Cir. 1994).

But the Amended Complaint consists of only "bald assertions and allegations unsupported by facts," none of which plausibly state a claim under RICO or the TVPA. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992) (conclusory pleadings not sufficient to state a claim for relief); *see also Murse v. Murse*, No. 24-1057, 2024 WL 1254841, at *1 n.1 (3d Cir. Mar. 25, 2024) (The plaintiff's "conclusive assertions . . . fall short of alleging the requisite facts needed to state a plausible RICO claim[,]" and he "failed to allege any facts that [defendant] subjected him to forced labor human trafficking, or the like."). Accordingly, Judge O'Connor should **DISMISS** all of Plaintiff's Title 18 claims.

Additionally, the Fourth, Fifth, and Seventh Amendments to the Constitution do not apply to private actions, and Plaintiffs allege no facts to show that any state action caused their alleged damages. *United States v. Runyan*, 275 F.3d 449, 457 (5th Cir. 2001) (The Fourth Amendment is "wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official." (internal quotation marks omitted) (quoting (*United States v. Jacobsen*, 466 U.S. 109, 113 (1984)); *Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169-70 (5th Cir. 1975)

6

("no significant state action is involved in non-judicial foreclosures under a deed of trust conforming to the requirements of [the Texas non-judicial foreclosure statute]") (applying the Fifth Amendment); U.S. CONST. amend. VII (establishing right to trial by jury in civil cases). Accordingly, Plaintiffs' constitutional claims are groundless, and Judge O'Connor should **DISMISS** them.

      **C.**      **Plaintiffs premise their remaining claims on untenable legal theories.**

Plaintiffs base their remaining claims on (1) a split-the-note theory and (2) their assertion that their property "is held in a land patent" and immune from taxes and foreclosure. ECF No. 9 at 2, 3, 4, 10. First, Plaintiffs allege that Supreme Lending "sold the note to PennyMac," and this "separate[ed] [the] negotiating instrument from the promissory note." *Id.* at 2. They argue that the sale and separation caused the "note [to] become unsecured," meaning that the defendants "illegally stole" the Plaintiffs' property. *Id.* at 2. But, as Spector argues, under Texas law, "[i]t is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (internal quotation marks omitted) (quoting *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935)); *see also* ECF No. 22 at 5. "Where a debt is 'secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations.'" *Martins*, 722 F.3d at 255 (quoting *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet. denied)). Thus, both the lender and the beneficiary have the "'right to invoke the power of sale,' even though it would not be possible for both to hold the note." *Id.* (citing *Robeson v. MERS*, No. 02–10–00227–CV, 2012 WL 42965, at *6 (Tex. App.—Fort Worth Jan. 5, 2012, pet. denied)). Texas courts have soundly rejected the split-the-note theory that Plaintiffs urge. *Id.* ("The 'split-the-note' theory is therefore inapplicable under Texas law[.]").

In response, Plaintiffs merely rehash their argument without addressing the countervailing Texas law. ECF No. 24 at 4. Therefore, Plaintiffs' argument that negotiation of the note to PennyMac while MERS remained the beneficiary of the Deed of Trust rendered it unsecured and foreclosure illegal fails as a matter of law.

Plaintiffs' land patent theory also is groundless. "A land patent is an official document reflecting a grant by a sovereign that is made public, or 'patent.'" *Marvin M. Brandt Revocable Tr. v. United States*, 572 U.S. 93, 99 (2014). As Spector argues, Plaintiffs allege that they purchased the property from "First Texas." ECF Nos. 9 at 2; 22 at 7-8. Thus, Plaintiffs' pleadings conclusively show that the property at issue is not a land patent. In response, Plaintiffs do not address this argument. ECF No. 24 at 5. Accordingly, all of Plaintiffs' claims are without merit.

Only Spector moves to dismiss Plaintiffs' claims. ECF No. 22. Generally, "even if a party does not make a formal motion under Rule 12(b)(6)," the Court on its "own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim as long as the procedure employed is fair to the parties." *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372 (5th Cir. 2015) (cleaned up and quotation omitted). "In the Fifth Circuit, fairness requires that a litigant have the opportunity to be heard before a claim is dismissed, except where the claim is patently frivolous." *Id.* (internal quotation omitted). Claims are frivolous when they are "so lacking in merit that" they are "groundless." *Raskin on behalf of JD v. Dallas Indep. Sch. Dist.*, 69 F.4th 280, 287 (5th Cir. 2023). As demonstrated above, Plaintiffs' claims are groundless.

Even if they had some merit, Plaintiffs raise the same claims against all Defendants generally. ECF No. 9. Their opportunity to respond to Spector's motion therefore gave them the opportunity to be heard as to their claims against the other Defendants. Because their complaint does not state a claim against any defendant, and the procedure employed is fair to the Plaintiffs,

the undersigned concludes that Plaintiffs have pleaded their best case. Under these circumstances, any further amendment of their pleadings would be futile, and Judge O'Connor should **DISMISS** all of their claims.

## IV. CONCLUSION

Because Plaintiffs' Motion for Default Judgement (ECF Nos. 15-16) is procedurally improper, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** it. Further, Plaintiffs' claims fail as a matter of law. Accordingly, the undersigned **RECCOMMENDS** that Judge O'Connor **DISMISS** them.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on April 22, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

9